# Hampton v. Swan et al.

*Sheriff's sale—Setting aside sale—Advertisement—Mistake as to hour of sale—Inadequate price—Bond for resale.*

The Supreme Court will sustain the action of the lower court in setting aside a sheriff's sale of realty, where it appears that the property was advertised for sale by the sheriff under two writs of levari facias issued respectively on judgments obtained on a first mortgage, and on what is claimed by appellee to be a second, in which he is the mortgagee; that on the first writ the sheriff advertised in two newspapers and by handbills that the property would be sold on October 30, 1918, at 2 p. m., and, on the second, that he would sell it on the 13th of the following month at the same hour; that, as required by law, he advertised the sale in a legal periodical, but his advertisement in that periodical fixed the sale at 1 p. m.; that at that hour on October 30th, a number of persons went to the courtroom in which, according to the advertisement, the sale would be held, and left before 2 o'clock; that the sale was held at that time, and the property knocked down to the appellant at $8,500, which was the only bid offered; that the judgment upon which the first writ had issued was for $7,554.52,

entered January 14, 1914, and the bid of appellant left less than
$300 for subsequent liens; that appellee had no actual knowledge
until November 11, 1918, that the property had been sold on Oc-
tober 30th, and promptly filed his petition to have the sale set
aside; that the court below found that $12,000 was an adequate
price for the property, and that the petitioner has given a bond,
with approved surety, that at a second sale he would bid at least
that sum for it.

Argued February 2, 1920. Appeal, No. 1, Jan. T.,
1920, by Francis M. McAdams, purchaser at sheriff's
sale, from order of C. P. Montgomery Co., Sept. T., 1918,
No. 19, making absolute rule to set aside sheriff's sale of
real estate, in case of Charles F. Hampton v. John J.
Swan and Helen R. Swan, Mortgagors, Charles J. Corr,
real owner. Before BROWN, C. J., FRAZER, WALLING,
SIMPSON and KEPHART, JJ. Affirmed.

Rule to set aside sheriff's sale of real estate, on peti-
tion of a junior mortgage creditor of Corr, the real own-
er. Before MILLER, J.

The opinion of the Supreme Court states the facts.

The court made absolute the rule to set aside the sale.
Francis M. McAdams, the purchaser at sheriff's sale, ap-
pealed.

*Error assigned* was the order of the court.

*William H. Wilson,* with him *George C. Klauder* and
*Maxwell Strawbridge,* for appellant, cited: Stroup v.
Raymond, 183 Pa. 279; Lyle v. Armstrong, 235 Pa. 224;
Watkins v. Justice (No. 1), 256 Pa. 37; Nutt v. Berlin
Smokeless Coal & Clay M. Co., 262 Pa. 417.

*Aaron S. Swartz, Jr., John M. Dettra, Samuel H.
High, Montgomery Evans* and *James Collins Jones,* for
appellee, were not heard.

PER CURIAM, March 8, 1920:

The complaint of the appellant is of the setting aside of a sheriff's sale. At that sale he was the purchaser, and, under the undisputed facts in the case, the confirmation of the sale to him would have been unconscionable. The property was advertised for sale by the sheriff under two writs of levari facias issued respectively on judgments obtained on a first mortgage and on what is claimed by the appellee to be a second, in which he is the mortgagee. On the first writ the sheriff advertised in two newspapers and by handbills that the property would be sold on October 30, 1918, at 2 p. m., and, on the second, that he would sell it on the 13th of the following month, at the same hour. By the Act of April 5, 1917, P. L. 49, he was required to advertise the sale in the Montgomery County Law Reporter, and he did so, but his advertisement in that periodical fixed the hour of sale at 1 p. m. At that hour, on October 30th, a number of persons went to the courtroom, in which, according to the sheriff's advertisement, the sale would be held, and left before 2 o'clock. The sale was held at the latter time and the property knocked down to the appellant at $8,500, which was the only bid offered. The judgment upon which the first writ had issued was for $7,554.52, entered January 14, 1914, and the bid of the appellant left less than $300 to be paid on the liens subsequent to the first mortgage. The appellee had no actual knowledge, until November 11, 1918, that the property had been sold on October 30th, and he promptly filed his petition to have the sale set aside. The court below found that $12,000 was an adequate price for the property, and the petitioner has given a bond, with approved surety, that at a second sale he will bid at least that sum for it. It was so clearly the duty of the court below to set the sale aside that it only remains to be said that this appeal is dismissed, at the costs of the appellant.